CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

JUN 3 0 2010

LODGED_____REC'D_____
PAID_____DOCKETED_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re: ) Bankruptcy Case
) No. 10-63489-fra7
THOMAS J. KINDELL and )
PAMELA S. KINDELL, )
) MEMORANDUM OPINION
Debtors. )

Debtors move for an order to "expedite" the currently scheduled meeting of creditors in this case. The motion requests expedited consideration, but does not request a hearing. For the reasons set out in this memorandum, the motion is denied.

Relying on the motion and supporting affidavit, and the Court's docket, the Court finds that Debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code on June 8, 2010. On June 9, 2010, the Court issued a written notice identifying the Chapter 7 Trustee, and notifying all parties that the meeting required by Code § 341(a) would be convened on July 26, 2010, at 1:30 p.m., at the U.S. Courthouse in Medford, Oregon.

// // //
// // //

Page 1 - MEMORANDUM OPINION

On June 9, 2010, Debtors' counsel advised the Trustee:

> Thomas Kindell will be out of state from July 15 to September 21 conducting Evangelistic meetings in Texas, Arizona and Southern California. These Evangelistic meetings were organized and scheduled several months ago. Due to Mr. Kindell's deep personal commitment to his faith, Mr. Kindell feels that he has an obligation to keep his word and be there to assist in coordinating and conducting the meetings that he helped plan.

Debtor's counsel goes on to request that the first meeting of creditors be scheduled to a date prior to July 15. The Trustee responded by e-mail, noting that she did not feel that the request fell within "the parameters for reasons to reschedule." She suggested that Debtors file a motion with the Court if they wished to have the § 341(a) hearing rescheduled.[1]

Code § 341 provides, in part:

> (a) Within a reasonable time after the order for relief in a case under this title, the United States Trustee shall convene and preside at a meeting of creditors.
>
> * * *
>
> (c) The court may not preside at, and may not attend, any meeting under this section including any final meeting of creditors....

The significance of these provisions was discussed by the Bankruptcy Appellate Panel for the Ninth Circuit in In re Clark, 262 B.R. 508 (9th Cir. BAP 2001). In Clark the Panel held that a trustee was not

---

[1] The Court understands that the United States Trustee for Region 18 has a set policy regarding rescheduling meeting of creditors. However, the policy does not appear to be posted in any public place, and its precise terms are unknown to the Court. The Court suggests that the United States Trustee make his policy accessible, perhaps by posting on his office's website.

Page 2 - MEMORANDUM OPINION

required to obtain a court order to correct an administrative error arising out of the 341(a) meeting.

> Section 341(c) places firm restrictions on the role of bankruptcy courts in creditors' meetings. Requiring a court order to correct ministerial errors in the administration of those meetings takes the court beyond exercising its purely judicial functions and imposes administrative oversight on the court. Yet § 341(c) was enacted to remove "from the bankruptcy judge those administrative functions required under the previous Bankruptcy Act. It is clear therefore that the prohibition against judicial attendance was enacted to relieve the Bankruptcy Judge of an obligation incidental to an administrative function.

Clark at 518 (Internal citations omitted).

The Bankruptcy Court has jurisdiction to review decisions of the U.S. Trustee (or a panel trustee) with respect to continuances of 341(a) meetings. See In re Gary W. Vance, 120 B.R. 181 (N.D. Ok. 1990) (applying the Administrative Procedures Act), In re Judy Lind-Vance, 176 B.R. 772 (Bankr. W.D. Va. 1995) (viewing the 341(a) as a judicial proceeding inherently subject to the Bankruptcy Court's authority). Nevertheless, it is clear from the language of § 341(a) and the BAP's interpretation of that language in Clark that the Bankruptcy Court owes the Trustee a high degree of deference, and may review the Trustee's decisions regarding meetings of creditors only for abuse of the Trustee's discretion.

Based on the record before me, I cannot find that the Trustee has abused her discretion in declining to schedule a creditors' meeting prior to the currently scheduled date of July 26, 2010. The meeting was scheduled for Medford, a place "not regularly staffed by the United States Trustee or an assistant who may preside at the meeting." It

Page 3 - MEMORANDUM OPINION

follows that the meeting could be scheduled for anytime between the 20th and 60th days after the order for relief. See Bankruptcy Rule 2003(a). The Debtors were on notice at the time they filed their petition of the window within which a hearing may be set. Moreover, since the July 26 date was published and circulated to all interested parties, moving the hearing to an earlier date imposes an undue burden on the Trustee and the Clerk of the Court to notify interested parties, and creates a risk, unreasonable under the circumstances, of interested parties not being made aware in time of the new, earlier hearing date.

What remains to consider is whether the Trustee should have authorized a later date to accommodate Mr. Kindell's schedule. I find nothing on this record to suggest that the Trustee or creditors would be prejudiced by continuing the 341(a) hearing to a date soon after September 21, 2010, and to the extent the Trustee has refused to do so I believe she has abused her discretion. Accordingly, I will enter an order, to be lodged by counsel for the Debtors, that the matter be continued to the first scheduled date for Medford creditors' meetings after September 21, 2010.

The parties are cautioned that "the date first set" for the meeting of creditors remains unchanged, and that duties described in Code § 341 and elsewhere that must be performed by the date first set for the meeting of creditors must still be carried out by July 26.

// // //
// // //
// // //
// // //

The foregoing constitutes the Court's findings of fact and conclusions of law. As noted, counsel for the Debtors shall lodge a form of order consistent with the foregoing.

*signature*

FRANK R. ALLEY, III
Bankruptcy Judge

Page 5 - MEMORANDUM OPINION